IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Edward M.
WINSLOW, Attorney at Law.

Supreme Court

*No. 83–1389–D. Filed June 13, 1988.*

(Also reported in 424 N.W.2d 206.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

The referee has recommended that the license of Edward M. Winslow to practice law in Wisconsin be revoked as discipline for professional misconduct consisting of theft of client funds, failure to list client funds given to him to be invested on the client's behalf as an asset in the client's estate, failure to maintain records of client funds and repay them upon demand, failure to include assets in his bankruptcy proceeding, using client funds paid for him to commence an action on the client's behalf as payment for fees owing by the client for other legal work, neglect of a client's legal

matter and withdrawing from representation without notice, borrowing money from a former client and failure to make full disclosure to the Board of Attorneys Professional Responsibility (Board) in response to its inquiries concerning these matters.

Attorney Winslow was admitted to the practice of law in Wisconsin in 1964 and, until he closed his law practice in the state in 1981, practiced in Madison. He has not previously been the subject of an attorney disciplinary proceeding. The referee is the Honorable John A. Fiorenza, reserve judge.

On September 23, 1985 the court temporarily suspended Attorney Winslow's license to practice law, pursuant to his stipulation, for the reason that he had been criminally charged with theft of client funds and that temporary suspension remains in effect. Attorney Winslow was subsequently convicted of that criminal charge.

By his conduct in these matters, Attorney Winslow has demonstrated that he lacks the honesty and integrity essential to represent others in legal matters in and out of our courts. Accordingly, we accept the referee's recommendation for discipline and revoke his license to practice law in this state.

The referee made the following findings of fact. In the matter on which his criminal conviction was based, he had obtained approximately $5,200 in funds held in escrow by a title company on behalf of a client. He repeatedly told the client the funds could not be obtained without a court order and that hearing dates to get them were continually being rescheduled, knowing those representations were false. Attorney Winslow never returned the funds to the client. The referee concluded that he thereby engaged in conduct involving dishonesty, fraud, deceit or misrepresenta-

tion, in violation of SCR 20.04(4)(1986), and failed to account for and deliver client funds held in trust, in violation of SCR 20.50(2)(1986).

In another matter, a client gave Attorney Winslow $7,500 payable to his trust account to be invested on the client's behalf. The client died shortly thereafter and Attorney Winslow handled the probate of the estate, but he did not list the $7,500 as an asset in the estate, nor did he return the funds to the client's heirs when they demanded them. The referee concluded that Attorney Winslow thereby violated SCR 20.04(4) and 20.50(2)(1986).

At the time Attorney Winslow and his wife filed a voluntary bankruptcy petition, he did not list his law office's accounts receivable as an asset in the schedules he filed until the bankruptcy trustee requested additional information. Even then, the list he ultimately provided did not include accounts receivable he had turned over to an attorney for collection. The referee concluded that Attorney Winslow thereby engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4)(1986).

In 1980 a man retained Attorney Winslow to commence litigation on his behalf and paid him $1,000 to do so. Attorney Winslow applied those funds to fees the client owed for other legal work. In the litigation, Attorney Winslow failed to respond to requests for discovery and turned the client's file over to other counsel without notifying the client. The referee concluded that Attorney Winslow violated SCR 20.16(1986) by withdrawing from employment without taking reasonable steps to avoid foreseeable prejudice to the client and without giving proper notice, violated SCR 20.32(1986) by neglecting the client's legal matter

and violated SCR 20.50(2)(1986) by failing to maintain records of client funds and appropriately account for and deliver them to the client.

In September, 1979 Attorney Winslow borrowed $10,000 from a man he had represented for many years. The purpose of that loan was to create a partnership for ownership of the building in which Attorney Winslow practiced law, a partnership in which the former client would have a 40 percent interest, with Attorney Winslow retaining the remaining 60 percent. Attorney Winslow never transferred title to the property to the partnership and failed to account for the funds or list them as a debt in his bankruptcy schedules. The referee concluded that Attorney Winslow thereby engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4)(1986), entered into a business transaction with a client with differing interests in which the client expected him to exercise his professional judgment for the client's protection, in violation of SCR 20.27(1986), and failed to maintain complete records of funds coming into his possession, render appropriate accounts thereof and promptly pay them to the client, in violation of SCR 20.50(2)(1986).

Finally, when he terminated his law practice in Wisconsin in 1981, Attorney Winslow failed to take reasonable steps to avoid foreseeable prejudice to his clients. He did not give them notice of termination of practice so that they could employ other counsel and failed to deliver property to the clients to which they were entitled, all in violation of SCR 20.16(1)(b)(1986). He also failed to make full disclosure to the Board in response to its inquiries into these matters, in violation of SCR 22.07(2).

We adopt the referee's findings of fact and conclusions of law. As discipline for his professional misconduct, we revoke Attorney Winslow's license to practice law in this state. He has shown himself unfit to be trusted with client funds or with the responsibility to pursue legal matters on behalf of clients.

IT IS ORDERED that the license of Edward M. Winslow is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Edward M. Winslow pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Edward M. Winslow comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.